

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 2, 1972

Hon. John F. Boff
Executive Director
Texas Board of Examiners in the
  Fitting & Dispensing of Hearing
  Aids
Penthouse Apts., Room 105
1212 Guadalupe
Austin, Texas 78701

Opinion No. M- 1063

Re: Questions relating to
authority to act out of
Texas under a Texas li-
cense issued by the Texas
Board of Examiners in the
Fitting and Dispensing of
Hearing Aids, reciprocity
and renewal of such a
license.

Dear Mr. Boff:

In your letter requesting an opinion from this office,
you ask the following questions:

> 1. When a person licensed by this Board,
> while visiting or residing in another State,
> conducts his business in such a way as to be
> in violation of Article 4566 of Vernon's Civil
> Statutes, Sections 1.01 or 1.14 or 1.15, can
> the Board proceed against this person for his
> actions even though they took place outside of
> the State of Texas?

> 2. In granting reciprocity with another
> State can the Board stipulate that reciprocity
> will be granted if the person has obtained his
> license in that State by way of a 'Grandfather
> Clause' or an examination but not if it was ob-
> tained by reciprocity?

> 3. After the Board has exercised its au-
> thority under Article 4566-1.13(d) and has can-
> celled a license for non-payment of annual
> renewal fees, may the Board refuse to issue
> a new license after a licensee pays all pre-
> vious unpaid annual fees.

-5195-

We will answer your questions in the order in which they are presented.

The Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids was created by the provisions of Articles 4566-1.01 through 4566-1.22, Vernon's Civil Statutes. Article 4566-1.10 authorizes the Board in its discretion to refuse to issue a license to any applicant. Under this Article also it may cancel, revoke or suspend the operation of any license it has granted for any of 24 enumerated reasons; number (6) of these is that "The applicant or licensee has violated any of the provisions of this Act." The provisions of Article 4566-1.14 specify certain duties of a licensee under the Act. Article 4566-1.15 of the Act lists additional prohibited acts.

Article 4566-1.16 provides a criminal penalty for violation of any provision of the Act. Generally, the State courts have no jurisdiction to try and punish a person for a crime against its laws committed by him outside the State's boundaries. 16 Tex.Jur. 2d 352, Criminal Law, Sec. 196; McKenzie v. State, 32 Crim.R. 568, 25 S.W. 426 (1894). Put another way, "common law tradition and the local policy of common law states have . . . given rise to a rule that the criminal law of a state does not usually apply to acts and events occurring abroad. . . " Stumberg, Conflict of Law, 57 (2nd Ed. 1951). Consequently, it is our opinion that a person who is visiting or residing outside the boundaries of the State of Texas and violates any provision of Articles 4566-1.01 through 4566-1.22, Vernon's Civil Statutes, is not subject to criminal prosecution in the courts of this State under the penal provisions of Article 4566-1.16.

On the other hand, our opinion is that a licensee who by reason of his Texas license, conducts his Texas business in such a way that he violates Sections 1.01, 1.14, or 1.15, Article 4566, while outside the boundaries of the State, may, in the discretion of the Board, where pertinent and applicable, have his license ordered suspended or revoked after due notice and hearing pursuant to Article 4566-1.11 of the Act. However, this is not to say that if what the licensee does in another state is legal there and it does not constitute a part of his Texas business performed pursuant to his Texas license, Article 4566 would be necessarily violated. Acts of the licensee regarding his personal conduct and integrity, however, as contemplated in Article 4566-1.10, whether relating to his practice of his profession or

not, and irrespective of where they may occur, may be sufficient grounds, if declared so by statute, for cancellation, revocation, or suspension of his license.  In 36 Texas Jurisprudence 2d 647, Licenses, Section 55, is this statement:

> "Subject to constitutional proscriptions against unreasonable or arbitrary action, the state at its pleasure may revoke a license granted by it."

See also 53 C.J.S. 624 note 13, Licenses, Section 33, and the same text and volume at page 635 note 22, Section 38.

The procedure for revocation or suspension of a license issued under authority of these Articles is provided for in Article 4566-1.11.  This procedure is an administrative civil proceeding and an appeal from the Board's order refusing, cancelling, revoking or suspending a license is civil in nature. A licensee under the Act is subject to the jurisdiction of the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids, an agency of the State of Texas, regardless of his residence or domicile.  We have found no provision in the Act which would prevent the Board from enforcing the licensing provisions of the Act to suspend or revoke the license of any person practicing the profession of a fitter and dispenser of hearing aids within the territorial limits of the State of Texas.

Your second question concerns reciprocity between this State and other states and territories.  Article 4566-1.08 provides, in part, as follows:

> "(a)  Upon proper application, the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids shall grant a license to fit and dispense hearing aids without requiring an examination to licentiates of other states or territories having requirements equivalent to or higher than those in effect pursuant to this Act for fitting and dispensing hearing aids. . . ."   (Emphasis added).

The basic requirements for a license are contained in Article 4566-1.06, the pertinent portion of which reads as follows:

> ". . .

"(b)   The applicant shall make application, furnishing to the Secretary-Treasurer of the Board on forms to be furnished by the Board, sworn evidence that he has attained the age of 18 years, is of good moral character, is free of contagious or infectious disease, and has graduated from an accredited high school or equivalent, and such other information as the board may deem necessary for the enforcement of this Act."

It is our opinion that under the provisions of Article 4566-1.08 the Board is required to grant a license, without an examination, to any licensee of another state or territory which has equivalent or higher requirements than those specified in Article 4566-1.06(b).   Consequently, it would not be material whether the licensee of another state had obtained his license in that state by way of a "Grandfather Clause", examination or reciprocity with another state.

The answer to your third question is found in Article 4566-1.13, paragraph (d) which reads as follows:

"(d)   After the Board shall have cancelled a license for non-payment of the annual renewal fee, the Board may refuse to issue a new license until such fitter and dispenser of hearing aids has paid all previous unpaid annual fees."

Under this Section, the function of renewing the license upon payment of all delinquent fees would be a ministerial function only.   Therefore, the Board would have no discretion in this regard.   It is our opinion that when an applicant for a new license has paid all previous unpaid annual fees he is entitled to be issued a new license by the Board of Examiners in the Fitting and Dispensing of Hearing Aids as a matter of right.

### S U M M A R Y

1.   A person who is visiting or residing outside the boundaries of the State of Texas and violates any provision of Articles 4566-1.01 through 4566-1.22, Vernon's Civil Statutes, is not subject to criminal prosecution in the courts of this State under the penal provisions of Article 4566-1.16.

A licensee under Articles 4566-1.01 through 4566-1.22 who, by reason of his Texas license, conducts his Texas business in such a way that he violates any of these licensing provisions while outside the boundaries of the State, may, where pertinent and applicable, in the discretion of the Board, have his license suspended or revoked after due notice and hearing pursuant to Article 4566-1.11 of the Act.

2.   Under the provisions of Article 4566-1.08 the Board is required to grant a license without an examination to any licensee of another state or territory which has the equivalent or higher requirements than those specified in Article 4566-1.06(b).

3.   After the Board has cancelled a license for non-payment of the annual renewal fee, and an applicant for a new license has paid all previous unpaid annual fees, he is entitled to be issued a new license by the Board as a matter of right.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James McCoy
Scott Garrison
John Banks
Mike Stork

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant